# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG ALFORD,<br><br>              Petitioner,<br><br>v.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS,<br><br>              Respondent. | CIVIL ACTION NO. 3:13-CV-00435<br><br>(MUNLEY, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

On February 19, 2013, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the Petitioner on February 12, 2013. (Doc. 1). At the time of the filing of this federal habeas petition, the Petitioner was incarcerated at SCI Mahanoy, which is located in Schuylkill County, Pennsylvania.

### I. BACKGROUND

The Petitioner challenges a decision by the Commonwealth of Pennsylvania Board of Probation and Parole (the "Board") to rescind an earlier decision to release the Petitioner on parole. On October 4, 2012, the Board advised the Petitioner of its decision to parole him, with an expected release date of January 28, 2013. On December 12, 2012, however, the Petitioner received a written misconduct for fighting with another inmate. On December 17, 2012, the Petitioner was found guilty of the charged misconduct and sentenced to 90 days of disciplinary custody. On January 16, 2013, while administrative review of the disciplinary decision was still pending, the Board decided to rescind its earlier, unexecuted grant of parole to the Petitioner "due to misconduct," explicitly refusing parole and scheduling the Petitioner's next parole review for September 2013. On February 7, 2013, the Petitioner's administrative appeal from

the disciplinary decision was denied on final review by the Chief Hearing Officer of the Pennsylvania Department of Corrections.

On February 19, 2013, the Court received and filed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a memorandum of law in support of the petition. (Doc. 1; Doc. 2). In this petition, the Petitioner has claimed that he is entitled to habeas relief on the ground that he was denied certain due process rights recognized by the Supreme Court of the United States in *Wolff v. McDonnell*, 418 U.S. 539 (1974). In particular, the Petitioner has alleged that he was denied the right to call certain witnesses and to present certain documentary evidence at his misconduct hearing, and that the Board's decision to rescind parole was defective because it was based solely upon the this same allegedly unconstitutional disciplinary proceeding. On March 25, 2013, the Respondent filed its answer to the petition, together with a brief in support of the answer, in which it contended that the petition should be denied for failure to exhaust, or, in the alternative, on its merits. (Doc. 9; Doc. 10). On April 3, 2013, the Petitioner filed a reply brief in support of his petition. (Doc. 12). The matter is now ripe for decision.

## II. Discussion

### A. Exhaustion of State Remedies

Under 28 U.S.C. § 2254, a federal writ of habeas corpus cannot be granted "unless it appears that ... the applicant has exhausted the remedies available in the courts of the State," or that state corrective procedures are unavailable or ineffective. 28 U.S.C. § 2254(b)(1). "Exhaustion is not a jurisdictional requirement but rather addresses federalism and comity concerns by 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *Coady v. Vaughn*, 251 F.3d 480, 488

(3d Cir. 2001) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)). "The habeas petitioner bears the burden of proving that he has exhausted available state remedies." *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

The Respondent argues that the petition should be dismissed without prejudice because the Petitioner has not exhausted available state remedies, dedicating much of its answer and brief to this defense. (Doc. 9, at 3–7; Doc. 10, at 3–7). But the Respondent's arguments on this point are, quite frankly, beside the point. The Respondent notes that the Petitioner appealed his original criminal conviction to the Superior Court of Pennsylvania but failed to further appeal his conviction to the Supreme Court of Pennsylvania. Based on this, the Respondent contends that the Petitioner failed to fairly present the instant claims to the state's highest court, and thus the petition should be dismissed for failure to exhaust available state remedies.

First, it is no longer necessary for a Pennsylvania inmate to petition the state supreme court for allocatur to exhaust state remedies and seek habeas relief in federal court. Thirteen years ago, the Pennsylvania Supreme Court issued Order No. 218, which declared that "in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error." *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); *see also* Pa. R. App. P. 1114 historical notes (Order of May 9, 2000). For nearly a decade now, the Third Circuit has recognized that "Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies." *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). Thus, a

prisoner's presentation of his claims to the Superior Court of Pennsylvania is sufficient to exhaust available state remedies for federal habeas purposes. *See Lambert*, 387 F.3d at 233–34.

Second, the instant petition does not challenge the Petitioner's original conviction and sentence in the state courts, but rather a subsequent administrative decision denying him parole. Whether the Petitioner exhausted available remedies on direct appeal from his conviction and sentence in 1999 is simply not relevant to the question of exhaustion with respect to the Board's denial of parole in January 2013.

In any event, under Pennsylvania law, neither direct appeal, mandamus, nor state habeas corpus are available to challenge the denial of parole on constitutional grounds other than violation of the *Ex Post Facto* Clause. *DeFoy v. McCullough*, 393 F.3d 439, 443–45 (3d Cir. 2005); *Coady v. Vaughn*, 770 A.2d 287, 290 (Pa. 2001); *Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 322 (Pa. 1999); *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 771–72 (Pa. Commw. Ct. 1997). Thus, Pennsylvania prisoners are excused from exhausting state court remedies when challenging the denial of parole as unconstitutional, except for *ex post facto* claims. *See DeFoy*, 393 F.3d at 444–45; *Barnes v. Wenerowicz*, 280 F.R.D. 206, 208 (E.D. Pa. 2012); *see also Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012) (declining to revisit *DeFoy*).

Here, the Petitioner challenges a denial of parole on due process grounds. He has not asserted an *ex post facto* claim. Accordingly, he is excused from first presenting his claims in state court. *See DeFoy*, 393 F.3d at 443–45; *Barnes*, 280 F.R.D. at 208.

### B. THE PETITIONER'S DUE PROCESS CLAIMS

The Petitioner claims that he is entitled to habeas relief because his due process rights were violated when he was denied the right to call certain witnesses and to present certain

documentary evidence at his misconduct hearing, and when the Board decided to rescind parole based solely upon the this same, allegedly unconstitutional disciplinary proceeding.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. As a threshold matter, "[i]t is axiomatic that a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie." *Mudric v. Att'y Gen. of U.S.*, 469 F.3d 94, 98 (3d Cir. 2006) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972)); *see also Wolfe v. Pa. Dep't of Corr.*, 334 F. Supp. 2d 762, 773 (E.D. Pa. 2004). In this case, the Petitioner claims a liberty interest in parole, of which he allegedly was denied without due process of law when a disciplinary hearing officer denied his requests to present certain witnesses and certain documentary evidence and found him guilty of misconduct, an indirect result of which was the Board's decision to rescind its unexecuted grant of parole to the Petitioner.

It is well settled that the United States Constitution does not create a protected liberty interest in a pre-release expectation of parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 10–11 (1979); *Jago v. Van Curen*, 454 U.S. 14, 21 (1981); *Stephens v. Chairman of the Pa. Bd. of Prob. & Parole*, 173 Fed. App'x 963, 965–66 (3d Cir. 2006) (per curiam); *Wolfe*, 334 F. Supp. 2d at 773. It is true that a "parolee" possesses a vested liberty interest in his continued release on parole that cannot be taken away without affording the parolee certain minimum requirements of due process. *See Morrissey v. Brewer*, 408 U.S. 471, 482, 488–89 (1972). But the mere grant of parole by a state parole board does not vest a prisoner with a protected liberty interest. *Jago*, 454 U.S. at 21; *Boone v. Nose*, No. 2:12-CV-1370, 2013 WL 819730, at *5 (W.D. Pa. Mar. 5, 2013); *Bryant v. Thomas*, No. 07-CV-811, 2007 WL 1650532, at *2 (E.D. Pa. May 8, 2007); *DiSabatino v. Pa. Bd. of Prob. & Parole*, No. 05-CV-5662, 2006 WL

1308236, at *3 (E.D. Pa. May 10, 2006). Under Pennsylvania law, a prisoner does not attain the status of a "parolee" until the grant of parole is executed and the prisoner is actually released on parole. *Stephens*, 173 Fed App'x at 965; *Boone*, 2013 WL 819730, at *5–*6; *Bryant*, 2007 WL 1650532, at *2; *DiSabatino*, 2006 WL 1308236, at *3. Until that time, an unexecuted grant of parole may be rescinded by the Board without implicating procedural due process. *Stephens*, 173 Fed App'x at 966; *Boone*, 2013 WL 819730, at *5–*6; *Bryant*, 2007 WL 1650532, at *2; *DiSabatino*, 2006 WL 1308236, at *3.

Other than the collateral impact of the Petitioner's disciplinary proceedings on the Board's decision to rescind its unexecuted grant of parole, the Petitioner does not identify any other protected liberty interest that might have triggered the protections of procedural due process at his misconduct hearing. The only direct sanction that appears to have been imposed as a result of the misconduct hearing was his confinement in disciplinary custody for a period of 90 days, which does not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (30 days disciplinary segregation); *Williams v. Bitner*, 307 Fed. App'x 609, 611 (3d Cir. 2009) (per curiam) (90 days disciplinary segregation); *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (7 months disciplinary confinement); see also *Griffin v. Vaughn*, 112 F.3d 703, 706–08 (3d Cir. 1997) (15 months administrative custody). Absent a protected liberty interest, the petition fails to state a cognizable procedural due process claim. See *Mudric*, 469 F.3d at 98; *Wolfe*, 334 F. Supp. 2d at 773.

Even in the absence of a protected liberty interest, substantive due process forbids "totally arbitrary parole decisions founded on impermissible criteria," such as race or in retaliation for exercising constitutional rights. *Burkett v. Love*, 89 F.3d 135, 139–40 (3d Cir.

1996) (quoting *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980)); *see also Perry v. Sindermann*, 408 U.S. 593, 597 (1972) ("[E]ven though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely."). The Petitioner has not alleged reliance by the Board upon impermissible criteria such as race or retaliation for the exercise of constitutional rights, but only that the Board's decision was arbitrary insofar as it was based upon a misconduct charge as to which he claims to be innocent of any wrongdoing. "The relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*, 308 F.3d 236, 246–47 (3d Cir. 2002). In this case, the Petitioner was found guilty of misconduct and his disciplinary conviction was affirmed on appeal at every level of administrative review. Although the Petitioner continues to dispute the underlying facts, the Board's rescission of an unexecuted grant of a parole is an entirely reasonable exercise of its discretion under these circumstances. Thus the petition fails to state a cognizable substantive due process claim. *See Boone*, 2013 WL 819730, at *6–*7 (finding revocation of an unexecuted grant of parole based upon a misconduct charge for which the prisoner was ultimately exonerated does not rise to the level of an abuse of official power that "shocks the conscience").

Accordingly, the petition must be denied and dismissed because it fails to state a cognizable claim upon which federal habeas relief may be granted.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE** on the merits. It is further recommended that the Court

decline to issue a certificate of appealability, as the Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

BY THE COURT:

**Dated: December 6, 2013**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG ALFORD,<br><br>    Petitioner,<br><br>v.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS,<br><br>    Respondent. | CIVIL ACTION NO. 3:13-CV-00435<br><br>(MUNLEY, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 6, 2013**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: December 6, 2013**　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**