**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRAIG ALFORD,** | : | **No. 3:13cv435** |
| **Petitioner** | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **PENNSYLVANIA** | :**(Magistrate Judge Mehalchick)** |
| **DEPARTMENT OF** | : | |
| **CORRECTIONS,** | : | |
| **Respondent** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Magistrate Judge Karoline

Mehalchick's report and recommendation (hereinafter "R&R") that the

instant petition for a writ of habeas corpus be denied and dismissed with

prejudice.  Petitioner Craig Alford (hereinafter "petitioner") has filed

objections to the R&R.  The parties have briefed their respective positions,

and the matter is ripe for disposition.

**Background**

The general background facts are undisputed.  Petitioner is

incarcerated at the Pennsylvania State Correctional Institution-Mahanoy.

On October 4, 2012, the Commonwealth of Pennsylvania Board of

Probation and Parole (hereinafter "the Board") informed petitioner that it

had decided to parole him with an expected release date of January 28,

2013.  On December 12, 2012, petitioner received a written "misconduct"

for allegedly fighting with another inmate.

On December 17, 2012, petitioner was found guilty of the misconduct, and he was sentenced to ninety (90) days of disciplinary custody.  Based on this misconduct, on January 16, 2013, the Board rescinded its earlier, unexecuted grant of parole. The Board then scheduled petitioner's next review for September 2013.

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in February 2013.  The matter was assigned to Magistrate Judge Thomas M. Blewitt.  It was reassigned to Magistrate Judge Karoline Mehalchick on July 15, 2013, who issued the instant R&R on December 6, 2013.  (Doc. 44).  Petitioner filed objections to the R&R on December 17, 2013.  (Doc. 46).  The government filed a brief in opposition to the objections on December 30, 2013, and the petitioner filed a reply to the opposition on January 8, 2014.  (Doc. 50; Doc. 51).  The matter is thus ripe for disposition.

**Jurisdiction**

We have jurisdiction pursuant to 28 U.S.C. § 2241, which provides that "[w]rits of habeas corpus may be granted by the . . . district courts . . . ." See also 28 U.S.C. § 1331 ("The district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

Petitioner objects to the R&R. In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Petitioner brings his claim pursuant to the Civil Rights Act of 1963, 42 U.S.C. § 1983 (hereinafter "section 1983"). In pertinent part, section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or

3

other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to establish a claim under section 1983, two criteria must be met.  First, the conduct complained of must have been committed by a person acting under color of state law.  Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

Here, the parties do not dispute that the respondent is a state actor. The question therefore is whether respondent's actions deprived petitioner of rights secured under the Constitution or federal law.  The petitioner asserts that his Fourteenth Amendment right to Due Process was violated by the prison in the misconduct hearing.  Petitioner presents a layered attack on the revocation of his unexecuted grant of parole.  He asserts that the misconduct hearing violated his due process rights.  Because his rights were violated at the hearing, the finding of guilt regarding his misconduct cannot be used to deny him parole.   We will discuss the claim with regard to the misconduct and the parole issues separately.

**I.  Misconduct hearing.**

4

First, we will address petitioner's claim that the Respondent Pennsylvania Department of Corrections violated his Fourteenth Amendment Due Process rights at his misconduct hearing.  He indicates that his hearing on the misconduct charge violated due process because he was unable to call witnesses and a surveillance video he sought to introduce into evidence was not provided.  After a careful review, we find that petitioner has no valid Due Process claim.

The Fourteenth Amendment provides that a State may not "deprive any person of life, liberty, or property without due process of law." U.S. CONST. AMEND. XIV.  An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564 (1972).  Initially, the court must determine whether there exists a liberty or property interest which has been interfered with by the state.  Ky. Dept. of Corrs. v. Thompson, 490 U.S. 454, 460 (1989)(citing Bd. of Regents, 408 U.S. at 571).  Secondly, if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient.  Id.  (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)).

First, we must determine whether petitioner's claim presents a liberty of property claim.  The property interest portion of the analysis is easily dealt with as petitioner claims no such interest.  Thus, we must determine whether a ninety-day placement in disciplinary housing invokes a liberty interest.

In support of his position that he has a valid liberty interest and Due Process claim, petitioner relies upon the United States Supreme Court case Wolff v. McDonnell, 418 U.S. 539 (1974).  Among other things, Wolff dealt with the issue of whether the disciplinary proceedings at a state prison complied with the Due Process Clause of the Fourteenth Amendment to the Federal Constitution.  Id. at 543.  The Court explained that the prison system's regulations provided for two different types of punishment for flagrant or serious misconduct, that is, either forfeiture or withholding of good-time credits or confinement in a disciplinary cell.  Id. at 547.  The Court made a distinction between the change in the "terms of confinement" versus a change in the "conditions of confinement."  The forfeiture or withholding of good-time credits affects the terms of confinement, whereas confinement in a disciplinary cell involves a change in the conditions of confinement.  Id.   The Court further explained that

6

"[p]rison disciplinary proceedings are not part of a criminal prosecution,
and the full panoply of rights due a defendant in such proceedings does
not apply." Id. at 556.

The issue in that case, was whether the revocation of good time
credit for a serious misconduct affected a liberty interest such that the due
process clause applied.  The Court indicated that the state itself provided a
statutory right to good time credit and it could be taken away for a serious
misconduct. Id. at 557.   Thus, "the prisoner's interest has real substance
and is sufficiently embraced within Fourteenth Amendment 'liberty' to
entitle him to those minimum procedures appropriate under the
circumstances and required by the Due Process Clause to insure that the
state-created right is not arbitrarily abrogated." Id.

The Wolff case is not on all fours with the instant situation.  As noted,
in Wolff, the prisoner's punishment for committing a misconduct was
removal of good time credit.  In the present case, the petitioner's
punishment for committing a misconduct was placement in disciplinary
housing for ninety (90) days.  Since the Wolff decision, the Supreme Court
has addressed the issue of whether placement in restricted or segregated
housing impinges a liberty interest so as to make the Due Process Clause

applicable.   In <u>Sandin v. Conner</u>, the Court held that "segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."  515 U.S. 472, 486 (1995).

Accordingly, to invoke the protections of the Due Process Clause, a disciplinary proceeding must result in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Id.</u> at 483. Placement in restrictive confinement for periods of up to one year have been held to not trigger a constitutionally protected liberty interest because such confinement is not atypical and a significant hardship in relation to the ordinary incidents of prison life.  <u>See, e.g.</u>, <u>Smith v. Mensinger</u>, 293 F.3d 641 (3d Cir. 2002)(upholding a district court's dismissal of a prisoner's due process claim concerning seven months disciplinary detention).  In the instant case, the petitioner was placed in disciplinary custody for ninety (90) days.  (Doc. 1, Pet. at ¶ 12).  A ninety-day placement in disciplinary custody is not sufficient hardship to give rise to a due process claim.  Thus, petitioner's arguments with respect to the misconduct hearing are without merit.

## II. Parole

Petitioner's argument continues in that due to the violation of his Due Process rights with regard to the misconduct, the Board should not have used the misconduct to justify revoking the unexecuted grant of parole. This argument is without merit as we have found above that petitioner has no valid Due Process claim with respect to the misconduct hearing.   Even if we found, however, that petitioner had a valid Due Process claim with regard to the misconduct, the parole claim would fail.

The law does not recognize a "constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not impinge on any procedural due process interests.  See, e.g., Stephens v. Chairman of Pa. Bd. of Prob. & Parole, 173 F. App'x 963, 965 (explaining that the United States Supreme Court has held that "an expectation of release on parole is not a constitutionally protected liberty interest" quoting Jago v. Van Curen, 454 U.S. 14 (1981)).

Both the federal and Pennsylvania state courts have held that parole

is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pa. Bd.of Prob. & Parole, 724 A.2d 319, 323 (Pa. 1999).  Thus, petitioner cannot establish that he possesses a liberty interest in parole, and he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural due process claim.  Accordingly, the Board's decision did not violate his right to procedural due process.[1]  Thus, petitioner's claim is without merit and the petition for a writ of habeas corpus will be denied.

**Conclusion**

The instant petition for a writ of habeas corpus will be denied. Petitioner has no valid due process claim with respect to either the misconduct hearing or the parole issue.  We will thus adopt the R&R and

---

[1]In addition to its procedural component, Due Process can also have a substantive component.  Under a substantive due process analysis the law forbids "totally arbitrary parole decisions founded on impermissible criteria," such as race, religion or political belief.  Burkett v. Love, 89 F.3d 135, 139-40 (3d Cir. 1996)(quoting Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980)).  Petitioner does not allege such a "totally arbitrary parole decision" in the instant case.  In fact, he alleges that the parole decision was based upon his conviction of a misconduct.

10

overrule the petitioner's objections.   An appropriate order follows.[2]

**Date: Jan. 28, 2014**          **s/ James M. Munley**
                         **Judge James M. Munley**
                         **UNITED STATES DISTRICT COURT**

---

[2]Subsequent to the issuance of the R&R, the petitioner filed a motion tilted "Motion Pursuant to 28 U.S.C. § 2403."  Because we will deny the petition for a writ of habeas corpus, we will also deny this motion.